May it please the Court, my name is Lisa Lorish, arguing on behalf of the appellant Robert Winston. This appeal presents a very simple question for this Court. Is Virginia robbery distinguishable from North Carolina robbery? If it is not, then this Court's prior decision from the Gardner case earlier this year conclusively resolves the appeal,  If we were to say to you that it is distinguishable on the force required, do you still have an argument? I do, Your Honor. As this Court knows, and as the Gardner Court broke down the similarly defined North Carolina robbery offense, first we look at force and whether that qualifies. And the Gardner Court did not reach the second component of North Carolina robbery, of which Virginia shares, whether or not robbery by intimidation is sufficient. And Virginia robbery by intimidation is unique, and I'd argue Let me say this. I do want to talk to you about that, but I just want to ask that question. Now, other judges may have other questions. You may have some other slight part of your presentation you want to make, but I do want us at some point to talk about intimidation. Oh, I'm happy to talk about intimidation now, Your Honor, because I think it is important. Obviously, as Your Honor knows, there was a decision in McNeil earlier this year, and the government would allege that McNeil conclusively determines what intimidation robbery looks like. And I would argue that Virginia robbery is different than the federal bank robbery statute that the McNeil Court considered, and it's different in a very crucial and important way. As McNeil Court went into in great detail, when analyzing federal bank robbery by intimidation, the standard to meet this Court's prior decision in Garcia v. Gonzalez and the Supreme Court's prior decision in Leocal requires some intentionality. And the Virginia robbery by intimidation does not require any intentionality by the defendant. It is judged entirely by the victim's subjective response. Do you think in Virginia it's purely subjective? That's one thing that sort of has me a bit puzzled. I do, Your Honor. Is it just subjective no matter how ridiculous the subjective response might be, or is there some objective requirement? I think the only objective requirement is that there be some act of the defendant to which the victim's response is to. So if there's no defendant and no act, then that would obviously not be enough. I'm thinking this. What if the act by the defendant is so ridiculous that nobody would think that was intimidation except for the victim? For instance, he walked in the room, and the way he had his hair combed, I could tell he was up to no good and I was intimidated. Well, that's subjective intimidation. That wouldn't suffice for a conviction in Virginia, would it? Well, I think it would, Your Honor. It would? In Harris v. Commonwealth, the court explained that there's no requirement that we look at the defendant's intimidating words or that the conduct be judged by quote. No, wait a minute. I want to get this straight now. You think a person could be convicted in Virginia if the only evidence on the intimidation was the only evidence was the victim said his hair was combed to the wrong side? I think if the victim had a subjective fear based on some – well, I would argue in that case the defendant didn't take any action. He combed his hair. If we – so if the defendant took a step. And he walked in the room. Walking into the room is a good example, Your Honor. If the defendant walked into the room in a manner that the victim felt threatening. No. I know, no. That's not what I asked you. And I'm exploring this subjectivity issue. Sure. Because I've read those cases. But that can't possibly stand for a conviction in Virginia, could it? If the only testimony was he walked in the room and I didn't like the way his hair was combed. Did he threaten you by the way he walked? Absolutely not. I just didn't like the way his hair was combed. Well, Your Honor. It scared me. I would point you to the language. Would that suffice? That would suffice in Virginia? I think it would under the language from Harris v. Commonwealth where it specifically says that there's no objective standard of reasonableness that Virginia applies when judging whether a victim subjectively experienced fear. And there's no objective standard of reasonableness. And the Court is clear about this. And the Supreme Court, the Virginia Supreme Court in Sutton v. Commonwealth also pointed out again no authority in Virginia in the context of robbery supports that we need to have any reasonable apprehension of danger or fear. Okay. So you're saying Harris is your best case then? I'm saying it's certainly a good case, Your Honor. I think Fagan v. Commonwealth also makes the same point, a more recent decision from the Virginia Court of Appeals, that all we look at is whether the victim actually be put in fear of bodily harm. Okay. I don't know that Fagan helped you so much because he was tapping on the car window with the knife, wasn't he? Well, certainly the facts of Fagan are less preferable to my argument than the language in Fagan. But I think that the result is still the same, that the courts are looking not at proving whether a defendant actually had an intentionality, which we could determine the way that federal bank robbery is determined. Now, this is a fine point I understand, but I've sort of gotten to this point from my understanding. I've read that Pressley case because I read it and I drew this from it if I have it right. In my sort of scenario, the fear of bodily harm must result from the words or conduct of the accused rather than the temperamental timidity of the victim. And I tried to set up that situation. That to me suggests, I know it's not clear, I'm not saying you're absolutely wrong, it's just not clear to me that it's purely subjective on the intimidation. It seems to be, and I'm not quite sure what the formula is, there is and has to be some objective standard. It seems to me that there may be that way to protect a defendant so that if a defendant does something that is objectively intimidating, but the victim subjectively is not intimidated, that doesn't make out the crime. There's an objective component and a subjective component, and I know the case commentary and what decisions have said in dicta or the explanation kind of goes all kinds of ways, but I'm trying to piece that intimidation factor in there. I think I understand what you're saying, Your Honor, and I think that the distinction I would draw is between the fact that there has to be some objective action or word of the defendant. There has to be some conduct that we're judging. But then in terms of whether there's any intimidating aspect to that conduct, action, presence of the defendant, that is a subjective inquiry. It seems to me it has to be more than purely subjective. Well, I think that is the case under, for example, how the courts have looked at federal bank robbery by intimidation, but the Virginia Court of Appeals has stated in a couple instances, regardless of the underlying facts of Fagan, but also in the Harris case, that there's no objective standard of reasonableness. Are we talking here about the difference between robbery and theft or larceny? I'm a little not clear. I don't think so, Your Honor. A person walks in a room wearing a Donald Trump mask, and the victim is intimidated. We still need the defendant to take something, right? Well, of course, there still has to be a taking. We're talking about robbery. Yes. We're not talking about trick-or-treating. Right. Right? And so that's why I asked the question. Are we on the border between robbery and theft? Is that where we are? I don't think so, Your Honor. I think the Pressley case is a good example of showing the way that the subjective inquiry looks because the facts of the Pressley v. Commonwealth case, this is the Virginia Court of Appeals in 2009. I'm with you there. I'm just trying to understand. I guess I'm trying to understand this case on the border between subjective intimidation, which doesn't equal robbery, and subjective intimidation that does equal robbery. And so, obviously, one difference is the guy doesn't steal anything. Well, I think the other difference, Your Honor, would be the clear pickpocketing case, which is exempted and separated out from Virginia robbery, where the victim might not even know they've been robbed. Or in this case, not robbed, but pickpocketed. Right. So if there's no interaction, no interaction between the victim and the defendant at all, a purse snatching where someone takes a purse from underneath a chair, then that's a clear distinction that's carved out from Virginia robbery. Right. But the way that the courts have interpreted Virginia robbery, if there's any interaction, essentially, between the defendant and the victim, and the victim subjectively experiences fear or threat of intimidation. Well, no, it's a little more than that, I'm afraid. I mean, because in Presley, the court's saying at page 386, where the defendant's conduct amounts to intimidation or is reasonably calculated to produce fear and is concomitant with the taking, the evidence is sufficient to support a conviction for robbery. So isn't the Virginia Court of Appeals saying there is an element of reasonableness? You just can't have a person fainting. You see what I'm saying? Overreacting. There has to be something reasonable. I do agree that the Presley court does try to work in some reasonableness. I think particularly given the facts of that case, which were, frankly, on the borderline of whether or not there was intimidating conduct. But the other court of appeals decisions, Harris and Fagan, don't put a reasonableness inquiry into there. But I would remind the court. What about the force clause? Are you going to argue Jones? Robbery by force? Yes, Your Honor. And I would like to turn to that because I think that that's the way the court should primarily dispose of this case, is to say that under the Jones v. Commonwealth case and under the Supreme Court decision in Virginia that matches the North Carolina Supreme Court definition for robbery, there's no distinction between North Carolina robbery and Virginia robbery. And on that basis and that basis alone, the same analysis from Gardner would require the court to say that Virginia robbery can't serve as a violent felony. The Jones case, which involved conduct where the defendant came up behind a victim, had a purse under her arm, and the court's language was that he jerked her around by pulling her on the shoulder. That was the only offensive contact in that case. It's indistinguishable from the State v. Eldridge case, which the Gardner court relied on to understand and apply North Carolina robbery. And that was the one where the clerk was pushed and fell back onto the shelf. That's correct, Your Honor. And so there's no distinction there. There's also no distinction in the way that the State Supreme Courts define robbery, which both require a slight amount of force, anything that calls out resistance being sufficient. So that matches. Are you agreeing that you have a better argument on robbery v. force than you do on robbery v. intimidation? Or are you telling me they're equally persuasive? Well, I certainly think that the court can rest entirely on the force argument, Your Honor, because I don't think that there is a distinction between the two and that we would never have to reach the intimidation inquiry. If the court does find some distinction, I think the intimidation inquiry has to be considered, and it's not completely determined by the McNeil case. Okay. Well, let's concentrate here for a sec on force. We've got the Jones case. What else are you relying on on the force issue? Which cases? Are your next best cases after Jones? Well, my next best case, it's a discussion of the amount of force that's required. It's that the actual facts do not end up supporting my position, but the discussion in Henderson, which is, quote, that violence used does not need to be great or cause any actual harm. And then we're relying again and falling back on the Virginia Supreme Court decision in Maxwell v. Commonwealth, which discusses the underlying fact that the need. Right. But doesn't Moncrief tell us that we've got to look at the least culpable conduct that would be prosecuted? So it isn't just statements, abstract statements and principles of law. You've got to look at what was actually prosecuted. So I understand your argument in Jones. I think you've got a good argument, Jones. But what else?  I don't have a great second case, Your Honor. The least culpable conduct that would be prosecuted in Virginia and constitute robbery, but that would not in the generic federal crime. No, but I don't think that the court should entirely discount the way that the court in Henderson v. Virginia described the standard that it was applying. Again, that, and citing back to Jones, that the violence used does not need to be great or cause any actual harm. So I would submit that the case on the facts, the decision on the facts that I have to offer to the court, is only the Jones case, but that that's been repeated by several other cases, the Mills case, and also the Henderson case. So it's not a complete outlier. That same reasoning has been referenced. Yeah, but you don't want Mills. I don't want the facts, Your Honor. Yeah, but again, Moncrief is talking about the least culpable conduct that would be prosecuted. So we've got to look at how the court applied the statement of law to the conduct in the case, don't we? I think we do, and we have the way that the court applied the state of law to the conduct in Jones, and it's indistinguishable, I would submit, to the conduct in State v. Eldridge, the North Carolina case. And while that's only one case, the Gardner court only pointed to two cases, and they were both unpublished decisions. At least the Jones v. Commonwealth case is a published decision from the Virginia Court of Appeals. So I think that the court can certainly just look at the force clause and find that Virginia robbery by force does not match the standard for the act of force clause and use that as the basis and never reach the Virginia intimidation inquiry. I think they do. Is there any case law that says whether one case is enough? How many cases do you need? I mean, Moncrief doesn't really specify, does it? I think what Moncrief is warning against is living in a world of complete hypotheticals where we would, if I only had the Supreme Court decision from the, you know, an old chestnut from the 1800s or the early 1900s that described a standard, but it had never been applied or discussed by any other State courts, I would agree that then Moncrief might caution against the court resting its decision entirely on that. So you're saying really one case is enough because it's illustrative of the fact that the least culpable conduct that, in fact, was prosecuted and upheld on appeal demonstrates that the Virginia statute sweeps more broadly than the federal generic crime. I think that's correct, particularly where that one case has been repeatedly cited to by other Virginia Court of Appeals decisions for the very proposition that case stands for. If there's no further questions, I'll save the rest for rebuttal. Okay. Thank you very much. Ms. Hudson, glad to hear from you. Nice to see you. Excuse me. Jean Hudson on behalf of the United States. It is our position, Your Honor, that Virginia common law robbery is qualified under the perhaps from this conversation is that whether or not the offense is committed by force or threat or intimidation, in any case, the offense has to overcome the victim's will. And whether that force, as I said, is an actual force case or an intimidation case or a threat case, in any situation under common law robbery, the victim's will must be overcome. I think that an associated idea that really is the heartland of the government's argument in this situation is that all intimidation cases are not limited to those cases that don't involve any physical force. So, for example, the slight force argument that appears in some of these cases argued by the defense counsel in this case are not necessarily qualifying cases because of the amount of physical force in the physics sense, but rather they are qualifying cases because that slight force that was applied in the context of the robbery was sufficient to overcome the victim's will. Doesn't it have to satisfy the violent? Doesn't it have to satisfy the requirement it's violent? Your Honor, so, for example, if the robber pokes somebody in the shoulder and the victim is persuaded and induced to release his property against his will, it's not the fact necessarily That's intimidation. What about violent force? I mean, are you alleging that in the Jones case that there is violent force by simply grabbing someone's shoulder and taking their purse, that that's violent force? Well, it was sufficient. I think in that case, if I have the right case, I think the court said that the victim actually crooked her elbow or her wrist or something in resistance. Right, to try to keep the purse. So I think certainly that is force that could have caused physical injury. I think, in fact, with all due respect, in the case that was cited in the North Carolina case, I'm really not quite understanding why pushing someone into a bunch of shelves such that the person falls over The testimony wasn't that she was pushed into the shelves. She was pushed and she fell back. Right, but the push was something that could have caused physical injury. But even if that is analyzed otherwise, my point is that it's not necessarily But I think what you have to do to make your argument is that North Carolina case has been decided. So you have to make a distinction between the force that's required in Virginia being more than is required in North Carolina. I think that's what you have to do under the force provision, isn't it? Notwithstanding what you think about what's necessary, don't you have to draw a distinction to be successful on the force prong that the force required in Virginia is more than the force that is required in North Carolina? Don't you have to do that? Because if the force that's required in North Carolina, at a minimum, is the same minimum in Virginia, why wouldn't we be limited by what we said about the North Carolina force that's necessary? Well, first of all, I would point out that the court itself in Gardner pointed out that the Virginia statute and the cases interpreting the Virginia statute were not relevant to the court's decision in Virginia. So I think if the Virginia courts have interpreted the Virginia statute differently, then that would be a sufficient distinction. I know, but we have to look at it to see what force is required for our purposes. That's why whatever they say in Virginia about summarizing what the cases are, don't we have to look at what is the minimum amount of force that would be required to sustain a conviction under the Virginia charge and see if that's sufficient. And if you've already decided some level of force in a similar North Carolina statute is not sufficient for the force requirement under Federal law, doesn't that tie our hands? I understand the court's question, and I would say that yes. Okay, so if that does tie our hands, then don't you have to tell us on the foreside why the Virginia law indicates that the force required under this Virginia statute or common law provision is more than that required in North Carolina? And is it? And my position is that the force required under the Virginia statute is always force sufficient to overcome the victim's will. I don't know what that means, though. I don't know what that means. Tell us in the context of Jones, because I think Jones really is the, this is the bar you have to, the hurdle you have to mount or you have to get over, whatever the right word is, right verb is there. But you've got a problem with Jones because in Jones, the Virginia court of appeals said that it was sufficient to have the defendant come along, tap her on the shoulder, and pull her, jerk her around, taking her purse. And they said that that was enough. Now, how does that meet the Johnson 1 requirement of violent force? Well, again, I'm fairly certain. I think that they also said in that case that the defendant resisted the robber by crooking, I can't remember if it was her wrist or her elbow. Yes, she tried to keep her purse. She tried to keep her purse. So the resistance that the victim presented in the face of that robbery in the government's view, given that ultimately the robber overcame that, he overcame her will, the force was sufficient to overcome her will, and therefore was sufficient to meet Johnson's force. Yes, but how does that meet Johnson 1, violent force? Why does that meet Johnson level 1? Force capable of causing physical pain or injury. Well, just on the facts of it, I would say I think it's clear that as a matter of logic, that when somebody is physically resisting the physical actions of another trying to take property away from them against their will, there is the possibility of physical injury, which is Johnson level force. Johnson also talked about substantial degree of force, strong physical force. So you're saying snatching somebody's purse off their shoulder by pulling on the shoulder, jerking her around, is a substantial degree of force or strong physical force? Yes, and I really would emphasize in the government's view, we don't think that Johnson standard should be overstated. It is simply force possibly that could cause physical pain or injury. Well, any force would be under that. I mean, I think Johnson's trying to make the point that it can't just be, okay, if you tapped me on the shoulder and I thought you looked frightening and I went back and hit the ground, well, under your analysis, you're saying that's force capable of causing physical pain because it did. It's not result-oriented, it seems to me. It has to be something. I think Johnson's trying to say we don't want to sweep in every single act of force here. It's got to be something that's violent. It has to be something that really puts the victim in danger as opposed to just the average. Well, Johnson is also saying in the cases, saying that it's not just literally what we would consider, I think, in conversational terms, violence, but anything that could cause pain. In other words, a slap in the face could be sufficient to cause Johnson-level injury. You really think so? Yes, Your Honor. And I think that in the context of robbery, it's especially important to focus on that and not to overstate the standard that's articulated in Johnson. But the other point I wanted to make regarding the poke in the shoulder case, which I really think is critical to this argument, is that it's not necessarily the physical force or the actual force in some of those poke in the shoulder cases that causes them to be robberies in Virginia and, therefore, Johnson-level force cases. It's not the physical force that was exerted in the poke in the shoulders. Let me ask this question. Are you going to make any effort? I thought you were going to make an effort to distinguish the force required under Virginia violation as being more than the force in North Carolina. But you don't think that's the distinction? I know you're not happy with the North Carolina decision, apparently. But I thought you would try to distinguish what Virginia requires under force here compared to what North Carolina requires. But your distinction is just we need to reconsider that any amount of force could be enough if it overrides somebody's will. Any physical force that overcomes a victim's will in the government's view is Johnson-level force. Even a slight touch, a slight touch. Look, give me that purse. Because that level force, Your Honor. No, I'm trying to understand your position. Any touching could be enough.  That just pushing the person's hand with the cigarettes, the state versus Eldridge, if I recall the case correctly, was sufficient. That was the losing argument. Now, how is your argument different from the losing argument in Gardner? Because my argument, Your Honor, is not based on evaluating that case in terms of the physics of the physical force. It's because in the context of robbery, if that slight force or that de minimis force did in fact overcome the person's will, then our view is that that case was a robbery. It's a robbery. But the question is, was force as force is talked about in Johnson used? Because it was a threat or an intimidation case. In other words, I don't give up my property because I got tapped on the shoulder and I feel that I can't resist or I can't overcome the tap on the shoulder. I give up my property because implicit in the tap on the shoulder was a threat of worse to come if I don't comply with the robber's demands. That's why that's a robbery. And that is why. Well, she wasn't complying, though. She wasn't giving up her purse. She resisted and he took it from her. And so there's no relinquishment of property by intimidation in Jones. And that's why in Jones I agree with the question that, in fact, the resistance there was sufficient to meet the Johnson standard because it could result in bodily injury. It was a level of force applied which could have resulted in bodily injury. So I do think you could justify the facts in Jones under the force clause in the ACCA and under the violence prong of the Virginia common law statute. So to go back to Judge Shedd's question, if I'm following you, you hang your hat almost entirely on this notion of overcoming the will of the victim. So does that mean that an ostensible victim who fights off a robbery, that attempted robbery, wouldn't count? Because an attempted robbery in which the ostensible victim successfully fights off the robber hasn't had her will overcome. So what do you do with overcoming the will where the will is not overcome and yet some force is used? Then I think in that case, Your Honor, you have a risk of physical injury which meets Johnson level force. So everything meets Johnson level force, taps on the shoulder, pushes. And it actually sounds like you're collapsing intimidation and nonviolent force into one sort of category. Robbery is robbery and everybody is afraid when they're robbed and therefore that would satisfy Johnson 1. I don't mean to reduce it to an absurdity, but that's really what it sounds like you're arguing. I do. Our position is if it is a Virginia common law robbery, then it's either a robbery by violence, by threat or an intimidation. By definition. And yet you say in response to Judge Shedd, by your silence I think, that the amount of force used to commit a Virginia robbery is no greater than the amount of force that is necessary to commit a Virginia common law robbery. That's what I hear you saying by your non-responses to Judge Shedd. I'm not sure that I can point to anything that says that the Virginia common law robbery statute definitively requires a greater level of force. But the Virginia cases that discuss Virginia common law robbery, as Judge Moon pointed out in his opinion, refer to violence. The court in Gardner pointed to two North Carolina cases, as we've discussed, that discussed actual force being something less than the court concluded was violent force. I agree with Judge Moon's conclusion that in Virginia, in the cases interpreting Virginia common law, there weren't any cases that made those types of conclusions in analyzing the level of force sufficient to sustain a Virginia common law robbery. And then beyond that, our position is that, as I said, if the force was sufficient to overcome the victim's will, whether it was actual force or intimidation or threat, then it must be Johnson level force. There are no further questions then. Thank you. No further questions. Thank you very much. I think we have a situation where the government has conceded that there's no difference, if they can point to at least, between the level of force required for Virginia robbery by force and North Carolina robbery by force. I think she tried to salvage that with her last statement, I think. Didn't she, when she said, Judge Moon said, talked of violence or violent force, and he didn't think North Carolina cases required that? I thought that's what she said. Well, I think that it's certainly the case that Judge Moon used the word violence, because that's how the definition of robbery is understood in Virginia. Well, I'm talking about what she conceded or the distinction she tries to draw. I want to point out one thing that I think becomes very clear when you listen to the government argue about how they think this court should understand Johnson 1, which is, of course, contrary to how this court understood Johnson 1 in the Gardner decision itself. But when you listen to what the government thinks should be enough for Johnson 1 force, which I believe her exact words were, if there's any risk of physical injury, you cannot help but think of the residual clause, which specifically was found to be unconstitutionally vague, because it relied on that same line of reasoning. It's just anything that presents a potential risk of physical injury to somebody else, that's what that clause held. That was just found to be unconstitutionally vague, and that's the exact way that the government is asking this court to reinterpret Johnson 1 in this context. And I would strongly caution the court against changing its clear line of precedent that comes out of Johnson 1 for many different decisions that is a capstone, at least in the robbery context in the Gardner case, and revert back on it. I don't know that you need to caution us. You might want to suggest that we not do it. Well, that's what I'll suggest, then, Your Honor. I thought so. My hearing's not so good. I thought maybe that's what you said. That is what I said, Your Honor. So I think that given the fact that despite Judge Moon's suggestion that there is at least the word violence, otherwise there's no distinction. He does really say that, and that seemed to be a distinction that you fell up to it. One could argue that there is some kind of violence or talk about violence force in Virginia cases. That argument would be an attempt to distinguish it from, say, the North Carolina law, but that just wasn't an argument that was really made here. Right. Ms. Lorsch, you know, Ms. Hudson makes a, I think, a somewhat strong point, at least I take it as maybe her best point, that intimidation bleeds into these force cases. She's saying that, you know, we're trying, or at least I'm suggesting, or gleaning from her argument, that we can't compartmentalize them as neatly as some of the cases seem to suggest. That intimidation necessarily bleeds into force. So you can't just segregate force by itself. You have to consider intimidation as an element of, or as a circumstance of these other robberies, such as Jones, where you're talking about force. How would you answer that? Well, I think, Your Honor, that they are separate inquiries to the extent that the definition of intimidation that this Court has applied previously is a threat of force. And so if that's the definition that we use today, we have to understand what force means. And so we can't get away from the fact that we have to understand what is the level of force required to commit a Virginia robbery to understand and apply what intimidation would mean, a threat of force. So one, we can't compensate one for the other. Not yet, but you can, though, maybe, in that some small degree of force leads to intimidation for fear of a greater degree of force if you don't go along with intimidation. That's the question, as I understand it. That would be a robbery by intimidation, as distinguished from a robbery by force. And so we have the intimidation bucket, which we discussed earlier, and there are reasons why I think the Virginia standard falls short. But when we just talk about the standard that's sufficient to commit a robbery by force. But back to your answer, I don't really think that a court decision would be based on the fact that somebody just doesn't like the way a person's hair is parted is sufficient. And I think, Judge Keenan pointed out, there is, maybe you agreed, I can't remember who she was talking to, there is some reasonableness, there almost has to be some degree of reasonableness in that intimidation. So I don't think your answer was wholly satisfying to the court, I don't think. But then when you look at, so if you say that's not completely successful, what about the fact of intimidation, either including some objective standard that people would think is at least subjectively sensible to take as force or threat of force, or if there's some small degree of force that bleeds over into the possibility of greater force if you don't go along with the robbery. What about that? Maybe that question is not very clear to you. Well, I believe I'm out of time, Your Honor, but if it's all right, I'll go ahead. Oh, no, I won't let you answer that. Answer. So I think that. . . Because I want to know what your answer to it. Sure. Well, I do think that we have to keep in mind the way that the Gardner court broke these out as distinctive inquiries, and they did so for good reason. Because in a case such as Jones, intimidation isn't discussed at all. We have a sheer force situation. That's all that's discussed there. And then when we look at a threat of intimidation, I can see that there could be a case where you have a small amount of force when combined with threatening words and conduct collectively. You're just looking at the lowest level required. That's right. The lowest level for an intimidation case. That could collectively lead a court to look at intimidation, but I do think that they're separate. One can't necessarily. . . I don't think intimidation can compensate for the de minimis level of force required to commit a Virginia robbery by force. It's possible that a de minimis level of force plus other conduct should get you to intimidation, but I don't think that the fact that there could be a threat of force fixes. . . I thought you were going to say that you could have intimidation without. . . In other words, there's no force required for an intimidation to make that intimidation case. So, therefore, you can't consider any force in your analysis of what's required for an intimidation. Well, it is certainly the case that no force is required, and I think the case will make that clear. I thought that was going to be your argument. Well, I prefer that argument at this point, Your Honor, so I'll go with that. But I do think that it could be either or. I think that it's clear that intimidating conduct could be considered but is not required. Okay. So is the flip side of that also your position, that no amount of intimidation can increase the degree of force? I think that's correct, Your Honor. I think force, as described by Johnson 1 as it applied by this Court since then, requires actual, strong, violent force. What about a guy who has his hand in a jacket pocket in a posture that objectively and reasonably could lead one to think that there's a handgun in the pocket? Where would you fit that in your spectrum? I think that would fall under the threat of force, potentially. I think that's how a Virginia court would probably handle that, that it's the threat of force, and then they would look at whether the victim was in a subjective fear that that was a gun and not the defendant's actual objective intent to intimidate. Would that be violent force? Would that satisfy the violent force? I don't think it would satisfy. Because it wouldn't be armed robbery, right, under Virginia law. My facts wouldn't be sufficient to convict for armed robbery, just having a hand in the pocket, right? I don't think so, Your Honor. Okay. So would that be violent force? I don't think it would be violent force because, assuming there's no other amount of force used in the scenario, just kind of trying to intimidate and threaten through that alone would not match what I consider to be the rule established for an intentionality, necessarily, for the threatened force required for the act of force clause because of the fact that Virginia only looks at the subjective intent. But it would be reasonably calculated to produce fear, as the Bivens opinion in Virginia said. I agree that if that's a standard over into intimidation and not force. Right. I think that's right, Your Honor. Okay. Thank you. Thank you very much. We will adjourn court, step down, and greet counsel. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Dennis W. Shedd, Barbara Milano Keenan, Andre M. Davis